## Sumner & Co. *v.* Parker.

Where there are several covenants, promises or agreements, which are independent of each other, one party may bring an action for a breach without averring or proving performance on his part; and it is no excuse for the defendant to allege in his plea a breach on the part of the plaintiff.

A party who would rescind a contract on the ground that the other party has refused to perform a substantial part of his agreement, must do so distinctly and unequivocally. He cannot treat the contract as binding and rescinded at the same time.

ASSUMPSIT, upon the joint and several promissory note of the defendant and one Asa Parker, dated January 12, 1844, payable to the plaintiffs, or order, on demand, with interest annually. The writ was dated March 30, 1855.

Plea, the general issue, with statute of limitations, to which replication of new promise, and issues joined.

The plaintiffs offered in evidence the note declared on, proved the existence and constitution of the plaintiffs' firm, as described in the writ, and a new promise in writing by the defendant to pay the note, made November 16, 1849, and subscribed by him at the bottom thereof.

It was shown that in 1842, under a verbal contract with one of the plaintiffs for the purchase of lot No. 8, in the ninth range in Dalton, Charles and Asa Parker entered into the possession and occupancy of that lot under D. H. & J. B. Sumner, who claimed to own it, and so continued until the date of the note declared on, when they gave to the plaintiffs said note, and at

the same time took from them an agreement in writing, of which the following is a copy :

" We are to deed lot No. 8, in the ninth range in Dalton, to Charles and Asa Parker, we having received their note for said land, which note is to be secured by mortgage on said land, we reserving to ourselves all pine timber on said lot when deeded.

" January 12, 1844.        D. H. & J. B. SUMNER & Co."

It was also shown that the Parkers continued to occupy and improve the lot together from the date of the note and contract, as they had before done, until January 8, 1850 ; that between 1842 and 1850 they cleared some twenty-five acres of it, which they fenced and occupied as a pasture ; that Asa Parker had not interfered with the land since January 8, 1850, and had never demanded any deed under the contract, or renewed the note ; that after January, 1850, the defendant alone had continued to occupy and improve the land, as both had done before ; that he had rented the pasture and cut and sold wood and timber off the lot, and that neither of the Parkers had ever paid any thing for the use of the land, or for the wood and timber taken or sold from it.

It was further shown that in the Spring of 1851 the defendant asked one of the plaintiffs for deeds of the place in Whitefield, upon which the defendant resided, and of lot No. 8, in Dalton ; that the plaintiff replied that the deeds were made out and he would send them off and have them executed, but told the defendant it was well enough as it was ; that on the 2d day of June, 1854, the plaintiff gave the defendant a deed of the place where he lived, and offered him a warrantee deed of lot No. 8, in Dalton, from D. H. Sumner and J. B. Sumner and their wives, and demanded a mortgage back ; that the defendant refused to take the last named deed and make a mortgage back to secure the payment of the note in suit, unless with an agreement that nothing but the land should be held for the debt. It was doubtful on the evidence whether the deed of lot No. 8, actually offered to the defendant on that occasion, was or was not acknowledged at the time of the offer, and whether the deed

produced was the one actually offered to the defendant or not; but the defendant refused to take a deed and make a mortgage back, unless with the agreement aforesaid, but made no other objection.

On the trial it was objected that, by the deed offered, two years was fixed as the period within which the pine timber trees might be removed from the land; that it was executed only by two of the three members of the plaintiffs' firm; that it was made to Charles Parker alone instead of Charles and Asa Parker; that it was not offered in a reasonable time after the execution of the contract and after demand made; that it was not sufficiently shown to have been acknowledged, and that it did not appear that D. H. Sumner and J. B. Sumner, the grantors therein named, had a good and sufficient title to the lot.

The title of D. H. & J. B. Sumner to lot No. 8, in Dalton, was shown to be derived by deed of warrantee, from Robert Hare and John B. Murray to Abel Barron and David H. Sumner, dated October, 1822, duly acknowledged and recorded. Abel Barron subsequently quitclaimed to Samuel Taylor and David H. Sumner, then Samuel Taylor quitclaimed to David H. Sumner, and David H. Sumner to J. B. Sumner, fractional shares.

The witness who proved the offer of a deed to the defendant, June 2, 1854, testified that he returned the deed of lot No. 8, which was offered to the defendant on that occasion to one of the plaintiffs, and had not since seen it, unless the one produced at the trial was it.

The deed produced on the trial appeared to have been acknowledged by one of the grantors, July 19, 1854, and by the other on the 25th of July, 1854.

The court being of opinion that, upon the foregoing facts, the plaintiffs were entitled to recover, directed a verdict for the amount of the note declared on, subject to the opinion of the Supreme Judicial Court.

*Burns & Fletcher*, for the defendant.

The note and agreement form but one contract, and are to be construed together. *Hunt* v. *Livermore,* 5 Pick. 396.

The plaintiffs, by a fair construction of the contract, were to do the first act: viz., to tender the defendant and his brother, Asa Parker, a deed.

If no time is appointed to do the act, as in this case, the act should be done in a reasonable time. Parsons on Con. 444; *Atwood* v. *Cobb,* 16 Pick. 231.

No deed of any kind was tendered in a reasonable time. This is a question of law. *Morse* v. *Bellows,* 7 N. H. 566.

The contract was made in 1844. Nothing was done on the part of the plaintiffs for more than ten years. In 1851, however, the defendant demanded a deed. The plaintiff of whom demand was made said he would send off and have it executed, but finally said it was well enough as it was.

Again, we say that no deed, according to law, was ever tendered to the defendant. It was not a deed of all the defendants. It was not acknowledged. It was a deed to the defendant alone, and not a compliance with the terms of the contract.

*G. C. Williams,* for the plaintiffs.

We agree with the defendant's first position, substantially, viz. : that the notes and agreement are the consideration one for the other. There can be no doubt that the consideration for the notes was the agreement to convey lot No. 8. But the defendant begs the whole question when he assumes the second position. That, by a fair construction of the contract, the plaintiffs were to do the first act, viz. : to deliver the Parkers a deed. In the case of a concurrent consideration, the plaintiffs' promise is executed, but the thing to be performed by him is executory ; and where the performance is not a condition precedent, it is not necessary to state it, because the plaintiffs' mere agreement to do the act is a sufficient consideration, and the defendant has his remedy thereon. Chitty's Con. 63 ; *Howland* v. *Leach,* 11 Pick. 154 ; 6 East 564 ; Chitty's Pl. 311. In all the cases the defendant cited it will be seen by the terms of the contract that

there was a mutual understanding that it was not to be performed on the one part before it was on the part of the other. Not so in the present case. It is evident, from reading the contract, that on one hand the Parkers received and trusted the personal security of D. H. & J. B. Sumner & Co. for the deed, and the plaintiffs took the defendant's note in the consideration of the agreement.

The following cases sustain the view that an action on the note in such case is sustainable without showing a tender of a conveyance, and that the stipulations are independent. *Manning* v. *Brown*, 1 Fairf. 49 ; *Martin* v. *Bobo*, 1 Speers' 26 ; 1 Horn. Miss. 341 ; *Leftwich* v. *Coleman*, 3 How. 167 ; *Rector* v. *Price*, 6 Ala. 321.

The true consideration of this case turns merely upon the doctrine of rescission of contracts, and upon the general principle that if one party to a contract refuses to execute a substantial part of his agreement, he thereby gives the other party the option to rescind the entire contract, by offering to restore what he has received, and replacing the parties in their original situation, provided the offer to do this is made in a reasonable time, and the situation of the parties remains so far unchanged that they can be restored to their first position. *Luey* v. *Bundy*, 9 N. H. 298 ; *Bank* v. *Gregg*, 14 N. H. 331 ; *Webb* v. *Stone*, 24 N. H. (4 Foster) 282 ; *Fay* v. *Oliver*, 20 Vt. 118.

The defendant made no objection to the sufficiency of the deed, requested no different kind or form, and by utterly refusing any deed except with the before mentioned condition, in fact waived any objections such as are now taken. But we think the court will not find it necessary to come to this point.

EASTMAN, J. Where there are several covenants, promises or agreements, which are independent of each other, one party may bring an action for a breach, without averring or proving performance on his part, and it is no excuse for the defendant to allege in his plea a breach on the part of the plaintiff. It is otherwise where the covenants or agreements are dependent.

Where agreements or covenants are independent as to one party, they are necessarily so as to the other ; so that if any act is to be done, service rendered, or article delivered by a specified day, and the payment therefor is not to be made till a subsequent day, an action may be maintained for a breach of the agreement before the payment falls due. And if the day be appointed for the payment of money, and the day is to happen or may happen before the thing which is the consideration of the money is to be performed, an action may be brought for the money before performance ; for in such a case the agreement shows that the party relied upon his remedy, and did not intend to make the performance a condition precedent. And a like rule prevails where no time is fixed for the performance of the thing which is the consideration of the money. *Putnam* v. *Mellen*, 34 N. H. 71 ; *Pordage* v. *Cole*, 1 Saund. 320, note ; Dyer 76, a ; 1 Salk. 171.

In *Pordage* v. *Cole*, 1 Saund. 320, the rule is stated thus : If it be agreed between A and B that B shall pay a sum of money for his lands on a particular day, these words amount to a covenant by A to convey the lands, for " agreed" is the word of both ; but it is an independent covenant, and A may bring an action for the money before any conveyance by him of the land.

When a party to a contract refuses to execute any substantial part of his agreement, he thereby gives to the other party the option to rescind the entire contract by offering to restore what he has received, and replacing the parties in their original situation, provided the offer to do this is made in a reasonable time, and the situation of the parties remain so far unchanged that they can be restored to their first position. But the party who would take this ground must do so distinctly and unequivocally. He cannot treat the contract as binding and as rescinded at the same time. *Webb* v. *Stone*, 24 N. H. (4 Foster) 282 ; *Luey* v. *Bundy*, 9 N. H. 298 ; *Snow* v. *Prescott*, 12 N. H. 535 ; *Concord Bank* v. *Gregg*, 14 N. H. 331.

These principles settle this case. The defendant gave his note to the plaintiffs for $400, payable on demand. This was

an agreement to pay the money immediately — on the day on which the note was given. The plaintiffs, in the contract signed by them, agreed to convey the land, but fixed no time in which to make the conveyance ; and it was consequently to be made within a reasonable time. The agreements between the parties were independent, and each one could resort to his remedy accordingly.

The defendant has never sought to rescind the contract, but, on the contrary, has held the land, enjoying the profits of the same, for more than eleven years after giving the note, before the commencement of the suit, and he is in no situation to avail himself of the doctrine of the rescission of contracts.

It is unnecessary, therefore, to inquire into the other matters brought out in evidence upon the trial. The case cannot be distinguished from *Webb* v. *Stone*, 24 N. H. (4 Foster) 282, which is an authority precisely in point, and which had the sanction of a majority of the present bench. The ruling of the court was correct, and there must be

*Judgment on the verdict.*